IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**SHONQILLA SMALL**                                                                            **PLAINTIFF**

**v.**                                                               **CIVIL ACTION NO. 4:21-CV-36-DAS**

**KILOLO KIJAKAZI, ACTING COMMISSIONER**
**OF THE SOCIAL SECURITY ADMINISTRATION**                  **DEFENDANT**

**FINAL JUDGMENT**

     Plaintiff Shonqilla Small filed a Complaint for Judicial Review of Social Security Decision of the unfavorable decision of the Commissioner of Social Security regarding an application for a period of disability and disability insurance benefits. Docket 1. The parties have consented to entry of final judgment by the United States Magistrate Judge under 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 19. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds that the Commissioner's decision should be remanded.

**FACTS**

     The plaintiff filed for benefits on April 25, 2019, alleging onset of disability commencing on December 31, 2017. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ issued an unfavorable decision on October 28, 2020. The Appeals Council denied the request for review, and this timely appeal followed.

     The ALJ determined the claimant had the following severe impairments: fibromyalgia, avascular necrosis of right hip, and obesity. The ALJ found she retained the residual functional capacity (RFC) to perform light work with the following limitations: lifting/carrying no more than 20 pounds occasionally and 10 pounds frequently, standing/walking no more than six hours

in an eight-hour workday and sitting for six hours in an eight-hour workday, frequent balancing, stooping, kneeling, and climbing ramps/stairs, and only occasionally crouch, crawl, and climb ladders, ropes, and scaffolds. While the plaintiff has no past relevant work, the ALJ found, based on the testimony of the vocational expert, that there were jobs in the national economy that would fit within her RFC. For example, the ALJ found she can work as a ticketer, folder, and information clerk. Each of these jobs is unskilled and performed at the light level of exertion. These three jobs represent 170,000, 140,000, and 58,000 jobs respectively in the national economy.

## ANALYSIS

The plaintiff raised three issues on appeal. The court finds the first issue – whether the ALJ properly considered the plaintiff's mental impairments in formulating the RFC – warrants remand. As a preliminary matter, the court finds the ALJ did not err in finding the plaintiff's mental impairments non-severe at step two. The ALJ appropriately analyzed the B-criteria and found the plaintiff has a mild mental limitation in her ability to interact with others, concentrate, persist, or maintain pace, and adapt and manage herself but did not find her mental impairments severe. The court considers it a close question as to whether the ALJ should have found these conditions rose to the level of severe impairments under *Stone v. Heckler,* 752 F.2d 1099 (5th Cir. 1985); however, the legal error occurred at step four when the ALJ failed to consider the impact, if any, of the plaintiff's non-severe mental impairments on the RFC finding.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits, *see Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995), and must also consider throughout the disability determination process ... the combined effect of any impairments

'without regard to whether any such impairment, if considered separately, would be of sufficient severity.'" *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000) (quoting 20 C.F.R. § 404.1523).

Here, the ALJ did not adequately discuss the plaintiff's mental limitations in the RFC determination. At step two, the ALJ recognized that the plaintiff has depression and post-traumatic stress disorder and takes medications for anxiety and depression. However, the ALJ determined that these were non-severe impairments. In assessing the B-criteria, the ALJ assessed a mild mental limitation in the plaintiff's ability to interact with others, concentrate, persist, or maintain pace, and adapt and manage herself. But the impact of these limitations, if any, remains undeveloped in the ALJ's RFC analysis.

In formulating the RFC, the ALJ discussed the plaintiff's physical limitations, however, the analysis does not include a discussion of the plaintiff's non-severe mental impairments, the mental limitations recognized by the ALJ when evaluating the B-criteria, or the medical evidence and opinions related to the plaintiff's mental impairments and limitations. The ALJ's RFC analysis omits the plaintiff's testimony that she is disabled due to depression and anxiety and only states that she testified regarding "fibromyalgia, arthritis, muscle/joint pain, disease of nerves in arms, legs, and feet, elevation sedimentation rate, and a muscular disorder." At the administrative hearing, the plaintiff testified she took medication for her anxiety and depression and was prescribed a higher dose after having suicidal thoughts. She testified she "definitely [has] a lot of panic attacks […] especially when [she] have [sic] to go out in the crowd or something."

At step four, the ALJ references Dr. Whelan's psychological consultative examination and the State Agency physicians' opinions but does not discuss their findings such that the court can determine whether the ALJ properly considered whether the plaintiff's non-severe mental

impairments caused any functional limitations. Dr. Whelan found the plaintiff's depressive disorder was "moderately severe" and noted "she takes a significantly large dose of [Celexa] to stabilize her mood." Dr. Whelan opined the plaintiff would require continued treatment for depression with antidepressant medication and would experience "depressive symptoms in the future." The State Agency physicians opined that the plaintiff's psychological impairments caused *moderate* limits in interacting with other, concentrating, persisting, or maintaining pace, and adapting or managing herself. As noted, the ALJ found the plaintiff was mildly limited in this area when evaluating the B-criteria, however, the effects of such limitations are not discussed in the ALJ's decision.

While the ALJ erred in failing to consider the impact of plaintiff's mental limitations, if any, on her mental functioning when formulating the RFC, remand is not required if the error is harmless. "Procedural perfection in administrative proceedings is not required" as long as "the substantial rights of a party have [not] been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error. *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003). On this point, the Commissioner maintains any such error is harmless because by limiting the plaintiff to unskilled work, the vocational expert (VE) accounted for any mental limitations caused by the plaintiff's non-severe mental impairments.

Under 20 C.F.R. § 404.1568 (a), unskilled work "needs little or no judgment to do simple duties that can be learned on the job in a short period of time." The regulation continues "we consider jobs unskilled if the primary work duties are handling, feeding and offbearing […], or machine tending, and a person can usually learn to do the job in 30 days, and little specific vocational preparation and judgment are needed." Despite the limitations associated with

unskilled work, the court finds the VE's job assessment does not satisfy the ALJ's obligation to consider the effects of the plaintiff's mental impairments, if any, on her RFC. Because the court is unable to determine whether and to what extent the ALJ adequately considered the plaintiff's non-severe mental impairments and any resulting mental limitation(s) when determining her RFC, the court cannot conclude the error is harmless.

The remaining issues concern the ALJ's treatment of the plaintiff's anemia and hemoglobin readings and her migraine headaches. The ALJ did not err in failing to find the plaintiff's anemia to be an impairment. There is no evidence that her anemia significantly limited or is expected to significantly limit her ability to perform basic work-related activities for 12 consecutive months nor is there any evidence that it caused any work-related functional limitations. *Stone v. Heckler*, 752 F.2d 1099, 1103 (5th Cir. 1985) (quoting 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 220.102. The same is true of the plaintiff's migraine headaches. There is no evidence of the "other objective medical signs" outlined in *Wiltz v. Barnhart* demonstrating disabling migraine pain or evidence of associated functional limitations. *Wiltz v. Barnhart*, 484 F.Supp.2d 524 (W.D. La. 2006).

For these reasons, the Commissioner's decision is reversed and remanded for a rehearing of the plaintiff's application under the fourth sentence of § 405(g).

**SO ORDERED**, this the 10th day of May, 2022.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**